IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JAMAAL MARAGH
    a/k/a "Alrick Williams"
    a/k/a "Frederick Vanlierop"
NOEL PEREZ AGUILAR
    a/k/a "Venado"
JUAN CARLOS ALEJANDRES
DINO AQUILINE
RAMON S. ARAIZA-VEGA
JOSE D. DELOSRIOS BENITEZ
    a/k/a "McQueen"
JOHNNY BRAVO JR.
LUCIEN BURTON
KEITH L. CLARK
ANTONIO EGURROLA-GAMBOA
    a/k/a "Chango"
ROBERTO EGURROLA-VASQUEZ
    a/k/a "Gordito"
SHERITA JAMES
HOWARD E. JOHNSON III
ALEXIS A. PEREZ LOPEZ
CLAYTON F. MANNING
JOHN W. MONTGOMERY
MANUEL J. MURRIETTA
PATRICIA MURRIETTA
RACHEL M. NOVALESI
JUSTO EDGARDO PARRA JR.
ROBERT E. REED II
ODEAN SAMUELS
    a/k/a "Martin ONeil"
    a/k/a "Smokey"
MANUEL SILVESTRE
KEVIN THOMAS JR.
STEVEN L. TRENT JR.
DARRICK WATKINS
KRESSMORE J. WATSON

Criminal No. 20-218

[UNDER SEAL]

FILED

AUG 25 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jerome A. Moschetta, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to possess with intent to distribute and distribute five (5) kilograms or more of cocaine<br><br>In and around October 2018 until in and around June 2020 | 21 U.S.C. § 846 | ALL DEFENDANTS |
| 2 | Possession with intent to distribute 500 grams or more of cocaine<br><br>March 4, 2020 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) | STEVEN L. TRENT JR. |
| 3 | Possession of a firearm and ammunition by a convicted felon<br><br>March 4, 2020 | 18 U.S.C. § 922(g)(1) | STEVEN L. TRENT JR. |

## II. ELEMENTS OF THE OFFENSES

**A.     As to Count 1:**

In order for the crime of conspiracy to possess with intent to distribute and distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That two or more persons agreed to possess with intent to distribute and/or distribute a controlled substance.

2.      That the defendant was a party to or member of that agreement.

3.      That the defendant joined the agreement or conspiracy knowing of its objective to possess with the intent to distribute and/or distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4.      That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

5.      That the amount of cocaine attributable to the defendant as a result of his/her own conduct and the conduct of conspirators reasonably foreseeable to him/her was five (5) kilograms or more. 21 U.S.C. § 841(b)(1)(A)(ii). (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B.     As to Count 2:**

In order for the crime of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.     That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700(9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.     That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4.     That the mixture or substance containing a detectable amount of cocaine was 500 grams or more. 21 U.S.C. § 841(b)(1)(B)(ii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

**C.     As to Count 3:**

In order for the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     STEVEN L. TRENT JR. knowingly possessed the firearm and/or ammunition described in Count Three of the Indictment;

2.     At the time of the charged act, STEVEN L. TRENT JR. had been convicted

of a felony, that is, a crime punishable by imprisonment for a term exceeding one (1) year;

3. At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one (1) year; and

4. STEVEN L. TRENT JR.'s possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

## III. PENALTIES

A. **As to Count 1: Conspiracy to possess with intent to distribute and distribute five (5) kilograms or more of cocaine (21 U.S.C. § 846):**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $10,000,000.

3. A term of supervised release of at least five (5) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than fifteen (15) years to a maximum of life.

2. A fine not to exceed $20,000,000.

3. A term of supervised release of at least ten (10) years.

If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that are final:

1. A term of imprisonment of not less than twenty five (25) years to a maximum of life.

2. A fine not to exceed $20,000,000.

B.      **As to Count 2:  Possession with intent to distribute 500 grams or more of cocaine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)):**

1.      A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2.      A fine not to exceed $5,000,000.

3.      A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1.      A term of imprisonment of not less than ten (10) years to a maximum of life.

2.      A fine not to exceed $8,000,000.

3.      A term of supervised release of at least eight (8) years.

C.      **As to Count 3: Possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)):**

1.      A term of imprisonment of not more than ten (10) years.  However, if it is determined that the defendant has three (3) previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2.      A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.      A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  <u>RESTITUTION</u>

Not applicable in this case.

## VI.  <u>FORFEITURE</u>

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

JEROME A. MOSCHETTA
Assistant U.S. Attorney
PA ID No. 203965